UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re:

    MOHAMED ISMAIL ELMASRI,               MEMORANDUM & ORDER
                                                    07-CV-2816 (JS)
                                                    08-CV-2709 (JS)

                            Debtor.
----------------------------------X
APPEARANCES:
For Appellant:        Mohamed Ismail Elmasri, Pro Se
                        41 Tremont Avenue
                        Patchogue, NY 11772

For Appellees:
Coleen Rupp          Heath S. Berger, Esq.
                        Brian P. Schecter, Esq.
                        Steinberg, Fineo, Berger & Fischoff, P.C.
                        40 Crossways Park Drive
                        Woodbury, NY 11797

Donna England        Edward Zinker, Esq.
                        12 Bank Avenue
                        P.O. Box 866
                        Smithtown, NY 11787

SEYBERT, District Judge:

        On August 12, 2007, pro se Appellant Mohamed Ismail Elmasri ("Appellant") filed an appeal of a May 24, 2007 order issued by Bankruptcy Judge Joel B. Rosenthal. On November 26, 2007, Appellant withdrew his appeal. Thereafter, Appellant returned to Bankruptcy Court and sought relief before United States Bankruptcy Judge Jerome Feller. Pursuant to the law of the case doctrine, and because Appellant failed to appeal Judge Rosenthal's Order, Judge Feller upheld the findings in Judge Rosenthal's Order. Thereafter, Appellant moved before this Court to reinstate his appeal of Judge Rosenthal's Order, and additionally appealed Judge

Feller's Order. The Court considers both appeals in tandem.

BACKGROUND

This case has a tortured history stemming from a contentious divorce between Appellant and Appellee Rupp; the Court is now left with the difficult task of unraveling the multiple layers of bankruptcy filings and appeals.

Elmasri and Rupp divorced in August of 2000. Pursuant to a Judgment of Divorce, Elmasri was required to pay $337.21 per week in child support. On October 11, 2002, Rupp received a judgment against Elmasri for $61,931.54 in child support arrears. On March 3, 2003, the judgment was filed as a lien on Elmasri's property.

Appellee England was the law guardian appointed for the two children borne out of Elmasri and Rupp's marriage. On September 12, 2001, the Supreme Court of the State of New York, County of Suffolk entered a judgment of $8,771.17 against Elmasri awarding England fees for serving as Law Guardian. On September 24, 2001, the State Court entered a second judgment for $4,130.00 for England.

Elmasri filed numerous bankruptcy proceedings after the judgment of divorce. On October 10, 2005, Elmasri filed his sixth bankruptcy proceeding via a voluntary petition under Chapter 7 of the Bankruptcy Code. During that proceeding, Elmasri claimed a homestead exemption pursuant to N.Y. Civ. Law 5206(a). Elmasri thereafter filed two adversary proceedings against both England and

Rupp, seeking an order that Appellant's obligations to Rupp and England were dischargeable.

On July 28, 2006, the Honorable Melanie L. Cyganowski issued an order declaring that two state court judgments granted to England were non-dischargeable pursuant to Section 523(a)(5) of the Code, and on January 3, 2007, Judge Cyganowski entered a judgment in favor of Rupp holding that Rupp's judgments were also non-dischargeable under the Code. Neither judgment was appealed.

In June of 2006, the Trustee sold Elmasri's home, located at 41 Tremont Avenue, Patchogue, New York (the "Property"). Prior to the closing of the sale, Rupp filed an order to show cause seeking to restrain the Trustee from distributing $50,000 in homestead monies to Elmasri from the proceeds of the sale. On August 29, 2006, Judge Cyganowski ordered that the homestead monies be held in escrow by the Trustee and not be released to Elmasri. The funds remain in escrow. The crux of this appeal is a dispute over which party is entitled to the homestead monies.

After the submission of various motions on the issue of entitlement to the homestead monies, Judge Rosenthal issued the May 2007 Order. Judge Rosenthal held that "where a properly perfected lien against a debtor's homestead supports a Section 523(a)(5) judgment, such a judgment lien should be paid out of the proceeds of a Trustee's sale in the same priority as it would have been paid under state law. This is so even if it means that the debtor's

3

homestead exemption would be impaired." Rupp v. Elmasri (In re Elmasri), 369 B.R. 96, 100 (Bankr. E.D.N.Y. 2007). Judge Rosenthal stated that the record before the Bankruptcy Court was not clear on whether Rupp or England had properly perfected liens against the Property; thus, the Bankruptcy Court held "that to the extent Ms. Rupp and/or Ms. England had a valid lien against the Debtor's interest in the Property prior to the Trustee's sale, the Trustee is directed to pay that lien out of the estate's share of the sale proceeds in the same priority as it would have been paid under state law, even if that would mean impairment of the homestead exemption." Id.

The Bankruptcy Court did not rule on whether the homestead exemption did not apply to enforce child support arrears. Rather, the Bankruptcy Court specifically stated, "because of the important public policy arguments made by Ms. Rupp in favor of excepting alimony and support obligations from the homestead exemption, and because this issue appears to be unsettled under New York case law, this Court will, in the exercise of its discretion, abstain from deciding the issues presented in Ms. Rupp's adversary proceeding complaint. Id. at 103. Judge Rosenthal directed the parties to seek relief in the state courts on the issue of whether alimony and support obligations are exempt from the homestead exemption.

Thereafter, Appellees did not seek a determination in

state court because Rupp and England believed that they both had valid liens, and in accordance with Judge Rosenthal's Order, properly perfected liens would be paid out of the estate's share of the sale proceeds in the same priority as it would have been paid under state law.

In December of 2007, all parties filed various motions to compel the Trustee to turn over the homestead funds to them. On March 20, 2008, the Honorable Jerome Feller held a hearing and ruled that under the law of the case doctrine, Judge Rosenthal's May 2007 Order governed the issues raised by the parties. Judge Feller further found that Rupp and England had valid liens against the Property, and thus ordered the Trustee to turn over the homestead exemption funds to Rupp and England. Pursuant to a Stipulation of Settlement entered between Rupp and England, and approved by the Bankruptcy Court on February 7, 2006, Judge Feller directed the Trustee to remit $33,500.00 to Rupp and $16,500.00 to England. Judge Feller memorialized his holdings in a written Order, dated April 28, 2008 ("April 2008 Order").

DISCUSSION

I. Standard of Review

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bank. P. 8013. A bankruptcy court's "finding[s] of fact, whether

5

based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. 1994); In re PCH Assoc., 949 F.2d 585, 597 (2d Cir. 1992). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . Factual findings must be upheld if plausible in light of the record viewed in its entirety. Robbins Int'l, Inc. v. Robbins MBW Corp. (In re Robbins Int'l, Inc.), 275 B.R. 456, 464-65 (S.D.N.Y. 2002) (internal quotations, citations omitted). A bankruptcy court's legal conclusions are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

## II. The May 2007 Bankruptcy Order

In order to review the May 2007 Bankruptcy Order, the Court must first evaluate the applicable State and Federal Statutes.

### A. Authorized Exempt Properties

The Bankruptcy Code authorizes a debtor to exempt property from the bankruptcy estate if such property qualifies for an exemption under federal law, or under the state law applicable to the debtor if the debtor's state opted out of the federal exemptions. See 11 U.S.C. § 522(b). Since Elmasri resided in the State of New York, the laws of New York State are applicable to

Elmasri's bankruptcy filings. New York State has opted out of the federal exemptions. <u>See</u> N.Y. Debt. & Cred. Law § 284. Thus, Elmasri was entitled to exempt property from the bankruptcy estate pursuant to the exemptions provided for in the laws of the State of New York.

    B.   <u>The New York State Homestead Exemption</u>

Section 5206 of the Civil Practice Law and Rules in New York states,

> Property of one of the following types, not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
> 1. a lot of land with a dwelling thereon . . . .

Elmasri claimed a homestead exemption pursuant to New York State Law.

    C.   <u>Significance of Exempt Properties Under the Bankruptcy Code</u>

At the time of Plaintiff's filing, the Bankruptcy Code stated,

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except --
> (1) a debt of a kind specified in paragraph section . . . 523(a)(5) of this title; [or]

> (2) a debt secured by a lien that is --
>
> (A) (i) not avoided under subsection (f) or (g) of this section . . . .

11 U.S.C. § 522(c) (2005). Pursuant to Section 523(a)(5), domestic support obligations are non-dischargeable debts.[1]

> Under Section 522(f)(1) of the Bankruptcy Code, Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien, other than a judicial lien that secures a debt -
>
>> (i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record . . . ; and to the extent such debt
>>
>>> (I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and
>>> (II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

D. <u>Application of the Bankruptcy Code and the New York State Homestead Exemption</u>

Under Section 522(c)(1) of the Bankruptcy Code, exempt

---

[1] Although the language of the Code has changed since Appellant filed his Petition, both versions of the Code stated, in sum and substance, that domestic support obligations are non-dischargeable debts.

8

properties are not liable for any debt except for such debts as provided for under Section 523(a)(5), which includes domestic support obligations. Thus, under the Bankruptcy Code, exempt properties may be seized to pay domestic support obligations.

A literal application of Section 522 (c)(1) may be at odds with Section 5206 of the Civil Practice Law and Rules. Under the Bankruptcy Code, an ex-wife entitled to collect domestic support obligations, such as Appellee Rupp, may attach a debtor's property. Such an attachment would violate the New York State homestead exception, which prohibits the attachment of homestead properties. Because New York opted out of the federal exemptions under Section 522(b), it is unclear whether Section 522 of the Bankruptcy Code preempts Section 5206 of the Civil Practice Law and Rules. However, the Court need not decide this issue. Judge Rosenthal properly abstained from deciding whether Section 522 of the Bankruptcy Code preempts state law and directed the parties to seek appropriate relief in the state courts regarding this determination. Thus, the question of whether the Bankruptcy Code preempts state law is not before this Court.

Pursuant to the Bankruptcy Code, an individual with a properly perfected lien can collect payment from the proceeds from the sale of the exempt property. While attaching the property and forcing its sale would violate the literal terms of the New York homestead exemption, collecting from the proceeds of a sale would

9

not. The Homestead Exemption prohibits using a dwelling "not exceeding fifty thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence" to satisfy a money judgment. N.Y. C.P.L.R. § 5206. By its terms, the Homestead Exemption allows liens and encumbrances; it simply prohibits the seizure of a principal residence.

The May 2007 Order correctly found that Appellees can collect from the sale of the Property if they have properly perfected liens against the Property. Appellant incorrectly argues on appeal that the Bankruptcy Court erred in not recognizing Appellant's homestead exemption. The Bankruptcy Court recognized Appellant's homestead exemption, but found that Appellees could collect from the proceeds of the sale if they had properly perfected liens against Elmasri's interest in the Property. Thus, the Court rejects Elmasri's arguments that the Bankruptcy Court improperly held that the Bankruptcy Code preempts State law. Such a finding was not made by Judge Rosenthal, and thus this issue is not before the Court.

The Court has reviewed Appellant's arguments regarding the Stipulation of Settlement entered between Rupp and England, and finds that such arguments are inapplicable to this appeal. The Stipulation of Settlement merely apportioned the proceeds from the sale of the Property between Rupp and England. The Stipulation did not discuss the application of the Homestead Exception, and in fact

stated, "[f]rom the proceeds of the sale the Trustee shall also preserve such funds as may be necessary to pay the Debtor's homestead exemption." (Rupp, Ex. F.) The Stipulation has no bearing on Judge Rosenthal's findings with respect to the issues currently before the Court.

Accordingly, the Court AFFIRMS the Bankruptcy Court's May 2007 Order.

III. <u>The April 2008 Order</u>

Appellant seeks review of Judge Feller's April 2008 Order finding that Judge Rosenthal's May 2007 Order constituted the law of the case. Judge Feller further held that because Appellees had properly perfected liens, the Trustee must remit the Homestead Exemption proceeds to Rupp and England in accordance with the parties' Stipulation of Settlement. "The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" <u>Ali v. Mukasey</u>, 529 F.3d 478, 490 (2d Cir. 2008) (quoting <u>United States v. Tenzer</u>, 213 F.3d 34, 39 (2d Cir. 2000)).

Judge Rosenthal found that to the extent Rupp or England "had a valid lien against the Debtor's interest in the Property prior to the Trustee's sale, the Trustee is directed to pay that

11

lien out of the estate's share of the sale proceeds in the same priority as it would have been paid under state law, even if that would mean impairment of the homestead exemption." Rupp v. Elmasri (In re Elmasri), 369 B.R. 96, 101 (Bankr. E.D.N.Y. 2007). Although Elmasri appealed from that Order, he withdrew his appeal prior to Judge Feller's holding. Therefore, at the time of Judge Feller's April 2008 holding, the law of the case doctrine applied. Pursuant to the law of the case doctrine, the Trustee was directed to remit the Homestead proceeds because Rupp and England had properly perfected liens. Accordingly, the April 2008 Order was correctly decided and therefore is AFFIRMED.

IV. Rupp's Request for a Hearing

Appellant has filed a seventh bankruptcy proceeding, which is currently before the Honorable Alan S. Trust. Appellee Rupp asks that this Court issue an Order stating that Appellee's seventh filing shall have no effect upon the pending appeal. The Court declines to issue such an Order, and therefore DENIES Rupp's request for a hearing. The issues before Judge Trust are not before this Court. This Court is limited to deciding Appellant's appeals of the May 2007 and April 2008 Bankruptcy Orders. The Court cannot issue an Order having an effect on a bankruptcy proceeding currently before the Bankruptcy Court.

## CONCLUSION

For the reasons set forth herein, the Orders of the

Bankruptcy Court are AFFIRMED, and Rupp's motion for a hearing is DENIED.  The Clerk of the Court is directed to mark both 07-CV-2816 and 08-CV-2709 as CLOSED.

                                    SO ORDERED.


                                    /s/ JOANNA SEYBERT
                                    Joanna Seybert, U.S.D.J.
Dated:    Central Islip, NY
          March 31, 2009